IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT MEADE GUY,            )
                             )
          Plaintiff,         )
                             )
     v.                      )     CIVIL ACTION NO. 2:03-CV-1211-ID
                             )                [WO]
                             )
DR. DAVIS, *et al.,*         )
                             )
          Defendants.        )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Robert Meade Guy ["Guy"] asserts that the defendants violated his constitutional rights by failing to provide him with adequate treatment for his bi-polar disorder, manic depression and anxiety during his confinement in the Montgomery County Detention Facility.  The plaintiff names Dr. Davis, nurse Smith, nurse Rogers and nurse Vason as defendants in this cause of action.

The defendants filed a special report and supporting evidentiary materials addressing Guy's claims for relief.  Pursuant to the orders entered herein, the court deems it appropriate to treat this special report as a motion for summary judgment.  *See Order of February 9, 2004 - Court Doc. No. 8.*  Thus, this case is now pending on the defendants' motion for summary judgment.

Upon consideration of such motion, the evidentiary materials filed in support thereof and the plaintiff's response in opposition to the motion, the court concludes that the

defendants' motion for summary judgment is due to be granted.

## I.  FACTS[1]

On September 29, 2003, Guy entered the Montgomery County Detention Facility on pending criminal charges.[2]  On October 1, 2003, a probation officer charged Guy with violating the terms of his probation as imposed upon him by the Circuit Court of Montgomery County on April 23, 2003.  *Defendants' Exhibit II*.  On October 8, 2003, Dr. Davis ordered the continuation of all of Guy's prescribed medications.  *Defendants' Exhibit B - Affidavit of Leon Davis, M.D.*; *Defendants' Exhibit I*.  However, Dr. Davis ordered that the prescription for Xanax expire on October 30, 2003.  *Id*.

On November 3, 2004, medical personnel at the jail received a letter from Dr. Mancha advising that Guy has "an addiction problem" and "suffers from manic depression . . ."  *Defendants' Exhibit X*.  Dr. Mancha attached a list of medications he had prescribed for treatment of Guy's various mental health conditions.  *Defendants' Exhibit Y*.  On

---

[1]The defendants failed to properly identify the exhibits attached to their special report.  In the interest of clarity and for purposes of this Recommendation, the court has identified the exhibits utilizing sequential letters of the alphabet.

[2]At this time, Guy possessed medications which had been prescribed to him by his personal physician, Dr. Vaughn H. Mancha.  These medications included Fluoxetine (generic Prozac), Lithium Carbonate, Xanax and Desyrel (the brand name for Trazodone).  *Defendants' Exhibit Y - Medication List for Robert M. Guy*.  Fluxetine (Prozac) and Trazadone (Desyrel) are both anti-depressant medications.  *Id*. Lithium Carbonate is utilized in the treatment of manic-depression illness whereas Xanax is effective in the treatment of anxiety associated with depression.  *Id*.  The prescriptions allowed for one refill on the Fluoxetine and one refill on the Lithium Carbonate but did not provide refills for Trazodone or Xanax. *Defendants' Exhibit G*.

November 5, 2003, upon review of Dr. Mancha's letter, Dr. Davis "chose to discontinue Xanax" and substituted a prescription for "Buspar 10 mg. one twice a day for three weeks. Buspar has a similar effect as Xanax, however it is not addictive." *Respondents' Exhibit B - Affidavit of Leon Davis, M.D.*[3]  Dr. Davis routinely renewed the prescription for Buspar as well as the prescriptions for Guy's other medications.  The records before this court indicate that medical personnel dispensed these medications to Guy in accordance with the prescriptions written by Dr. Davis. *Defendants' Exhibits P, V, BB, DD and GG*.

Guy complains that on November 1, 2003 Dr. Davis "interrupted and discontinued" the medications prescribed by his family physician. *Plaintiff's Complaint* at 3.  He further asserts that the defendants "are denying me an appointment with my personal/family doctor." *Id*.  The defendants deny they acted with deliberate indifference to Guy's mental health and, instead, maintain that they provided Guy with all necessary treatment.

The undisputed medical records establish that Dr. Davis prescribed various medications, including Xanax, Trazodone (Desyrel), Lithium Carbonate, Fluoxetine (Prozac), and Buspar, in an effort to treat Guy's anxiety disorder and depression.  Medical personnel dispensed these medications in accordance with Dr. Davis' prescriptions.  Moreover, jail personnel scheduled Guy an appointment with Dr. Mancha on January 28, 2004 and a correctional officer transported Guy to this appointment.  On March 10, 2004,

---

[3]Buspar (the brand name for Buspirone) is an anti-anxiety medicine, used to reduce fear, tension and anxiety associated with anxiety disorders.

Guy notified the court that he had been released from the Montgomery County Detention Facility. *See Notice of Change of Address - Court Doc. No. 15*.

## II.  STANDARD OF REVIEW

To survive the defendants' properly supported motion for summary judgment, Guy is required to produce some evidence which would be admissible at trial supporting his constitutional claims. Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

To meet this standard, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576 -1577 (11th Cir. 1990). A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).

Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the

4

nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).  To demonstrate a genuine issue, the party opposing summary judgment "must do more that simply show that there is some metaphysical doubt as to the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving part, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Consequently, where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987); *Wright v. Southland Corp.,* 187 F.3d 1287 (11th Cir. 1999); *Pritchard v. Southern Co. Servs.*, 92 F.3d 1130, 1135 (11th Cir. 1996); *McMillian v. Johnson,* 88 F.3d 1573, 1584-85 (11th Cir. 1996).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  In this case, Guy has failed to go beyond the pleadings and present any admissible evidence which demonstrates that there is a genuine issue of material fact in order to preclude summary judgment. *Matsushita*,

*supra*.

## III. DISCUSSION[4]

To prevail on a claim concerning an alleged denial of adequate medical treatment violative of the Constitution, an inmate must, at a minimum, show that those responsible for providing such treatment acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986).

Specifically, a jail's medical personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292; *Mandel v. Doe*, 888 F.2d 783, 787 (11th Cir.1989). "In articulating the scope of inmates' right to be free from deliberate indifference, however, the Supreme Court has also emphasized that not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth [or Fourteenth]

---

[4]The pleadings fail to clearly establish whether the actions which form the basis of the complaint occurred during Guy's incarceration in the Montgomery County Detention Facility as a pretrial detainee or as a convicted inmate. The Fourteenth Amendment, rather than the Eighth Amendment, provides the appropriate standard for assessing whether conditions of confinement imposed upon a pretrial detainee are violative of the Constitution. *Bell v. Wolfish*, 441 U.S. 520 (1979). However, for analytical purposes there is no meaningful difference between the analysis required by the Fourteenth Amendment and that required by the Eighth Amendment. *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985).

Amendment.' *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Mandel,* 888 F.2d at 787.

Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' *Rogers,* 792 F.2d at 1058 (citation omitted).  Mere incidents of negligence or malpractice do not rise to the level of constitutional violations.  *See Estelle,* 429 U.S. at 106, 97 S.Ct. at 292 ('Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.'); *Mandel,* 888 F.2d at 787-88 (mere negligence or medical malpractice 'not sufficient' to constitute deliberate indifference); *Waldrop,* 871 F.2d at 1033 (mere medical malpractice does not constitute deliberate indifference).

Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment.  *See Waldrop,* 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977))."  *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991); *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985) (mere fact that a prisoner desires a different mode of medical treatment does not amount to deliberate indifference).

Thus, a  medical care provider may be held liable under either the Eighth or Fourteenth Amendment only for acting with deliberate indifference to an inmate's health when the provider knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*,

511 U.S. 825 (1994).

The undisputed records submitted by the defendants demonstrate that Dr. Davis prescribed appropriate medications for Guy's anxiety and depression. The records also demonstrate that health care personnel dispensed these medications in accordance with the prescriptions issued by Dr. Davis. Additionally, Guy was referred to and examined by his personal physician on January 28, 2004. It is clear that the course of treatment undertaken by the defendants was neither grossly incompetent nor inadequate.

Guy presents no evidence which demonstrates that the defendants in any way disregarded a substantial risk to his mental health. Consequently, Guy has failed to establish that the defendants acted with deliberate indifference. Summary judgment is therefore due to be granted in favor of the defendants.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for summary judgment filed by the defendants be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before 1 May 2006, the parties may file objections to the

Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of April, 2006.


/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE